IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MICHAEL BAZAN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:18-CV-136-D |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner, an inmate incarcerated at the Jordan Unit in Gray County, Texas, has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging a prison disciplinary ruling. In order to challenge a prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory supervised release **and** have received a punishment sanction that included forfeiture of previously accrued good-time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). In his habeas application, in response to Question 18 of the form, petitioner has indicated that he lost previously earned good-time days. [ECF 3 at 5]. Also in response to Question 18 of the form, when asked to indicate the exact number of previously earned good-time days lost, petitioner explains, "I lost my time earning status & this is the equivalent of losing good time." *Id*.

As the law in the Fifth Circuit currently stands, petitioner did not receive a punishment sanction that included the forfeiture of **previously accrued** good time credits; thus, petitioner cannot receive federal habeas corpus relief. The punishment petitioner was assessed in the disciplinary proceeding, including 45 days recreation restriction, 45 days OTS restriction and 45

days commissary restriction, as well as the drop in Line Class, constituted only changes in the conditions of his confinement and does not implicate the Due Process Clause of the United States Constitution as required for review in a federal habeas corpus proceeding.  *See Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 2297 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).   Petitioner's habeas application should be DENIED.

## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States Senior District Judge that the petition for a writ of habeas corpus filed by petitioner MICHAEL BAZAN be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED July 23, 2018.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).